UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYON PHILLIPS,

Petitioner,

v.

Civil Action No. 2:13-cv-11365
Honorable Denise Page Hood

KENNETH ROMANOWSKI,

Respondent.
_____________________________/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS-CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

## I. INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Ryon Phillips ("Petitioner") is incarcerated by the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility in New Haven, Michigan, where he is serving a sentence of sixteen to thirty years for second-degree murder. Petitioner pleaded guilty on May 4, 2011, in the Circuit Court in Wayne County, Michigan. He was sentenced on May 18, 2011. Petitioner was eighteen-years old at the time of the incident. Both state appellate courts denied his applications for leave to appeal. *People v. Phillips*, No. 309212 (Mich. Ct. App. Apr. 24, 2012); *People v. Phillips*, 492 Mich. 869, 819 N.W.2d 910 (2012) (unpublished table decision).

On March 27, 2013, Petitioner filed this Habeas Petition, *pro se*, alleging that he is unconstitutionally incarcerated. When he filed his Habeas Petition, he also filed a "Motion to Hold Habeas Petition in Abeyance." Pet'r's Mot. to Hold Habeas Pet. in Abeyance, Mar. 27, 2013, ECF No. 3. In his Motion, Petitioner asks the Court to stay his case so that he

may return to the state courts to exhaust additional claims concerning his guilty plea and the effectiveness of counsel. For the reasons set forth below, the Court grants Petitioner's Motion and stays the case.

## II. DISCUSSION

State prisoners must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (citations omitted). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising the claims in a habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 1732 (1999) (citations omitted). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *Id.* at 845, 119 S.Ct. at 1732. A prisoner "'fairly presents' his claim[s] to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Cain v. Rapelje*, No. 2:12-cv-13637, 2013 WL 1365331, at *1 (E.D. Mich. Apr. 4, 2013) (Edmunds, J.) (quoting *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (Lawson, J.); *see also Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349 (same) (citations omitted). The petitioner bears the burden of showing that state-court remedies have been

exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003) (citing *O'Sullivan*, 526 U.S. at 847-48, 119 S.Ct. at 1734). In this case, Petitioner's method of properly exhausting his claims in the state courts would be through filing a Motion for Relief from Judgment with the Wayne County Circuit Court under Michigan's Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. MCR 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509, 7.203, 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997) (Zatkoff, J.). Petitioner is required to appeal the denial of his post-conviction Motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims raised in his post-conviction Motion. *Id.* Petitioner has not yet filed such a Motion.

Against that backdrop, the Court grants Petitioner's Motion. However, the Court finds that the outright dismissal of Petitioner's Habeas Petition, albeit without prejudice, might result in preclusion of consideration of his claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d)(1). A common circumstance calling for staying a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time-barred by the AEDPA's statute of limitations. *See Hargrove*

*v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending exhaustion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005) (citation omitted). This is the situation in Petitioner's case. Thus, a stay is warranted.

Even though the Court determines that a stay is appropriate, the Court will place "reasonable time limits on [Petitioner's] trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005). To ensure that there are no delays by Petitioner, the Court imposes upon him time limits within which he must proceed with his state-court, post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This tolling is conditioned upon Petitioner initiating his post-conviction remedies within sixty days of receiving this Court's Order, if he has not already done so, and returning to this Court within sixty days of exhausting. *Hargrove*, 300 F.3d at 721.

## III. CONCLUSION

Accordingly, the Court grants Petitioner's Motion to hold his Habeas Petition in abeyance. ECF No. 3. These proceedings are stayed. Petitioner may file a Motion for Relief from Judgment with the state court within sixty days of receipt of this Court's Order, if he has not already done so. If Petitioner files a Motion for Relief from Judgment, he shall notify this Court that such Motion papers have been filed in state court. The case will be held in abeyance pending Petitioner's exhaustion of the claims.

Petitioner shall refile his Habeas Petition within sixty days after the conclusion of the

state-court, post-conviction proceedings. At that time, he is free to file an Amended Habeas Petition which contains his newly-exhausted claims, if he so chooses to do. Should Petitioner fail to comply with these conditions, his case may be dismissed.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.


                         S/Denise Page Hood
                         Denise Page Hood
                         United States District Judge

Dated: April 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2013, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager